J-S50037-20

**NON-PRECEDENTIAL DECISION – SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA, | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| Appellee | : | |
| | : | |
| v. | : | |
| | : | |
| ANTHONY D.  FOWLKES, | : | |
| | : | |
| Appellant | : | No.  1138 EDA 2020 |

Appeal from the PCRA Order Entered April 14, 2020
in the Court of Common Pleas of Delaware County
Criminal Division at No(s): CP-23-CR-0002126-2017

BEFORE:    BENDER, P.J.E., SHOGAN, J. and STRASSBURGER, J.*

MEMORANDUM BY SHOGAN, J.:                    Filed: April 8, 2021

Appellant, Anthony D. Fowlkes, appeals from the order entered on April 14, 2020, dismissing his petition filed pursuant to the Post Conviction Relief Act ("PCRA"), 42 Pa.C.S. §§ 9541-9546.  We affirm.

In its opinion, the PCRA court set forth the relevant procedural history of this matter as follows:[1]

> At the conclusion of a jury trial[, Appellant] was found guilty of possessing Oxycodone and Codeine, possessing marijuana with intent to deliver and possession of a firearm by a prohibited person.[2]  On January 23, 2018[,] an aggregate sentence of sixty to 144 months of incarceration to be followed by two years of probation was imposed.

---

[1]  In light of our disposition, a detailed recitation of the facts is unnecessary.

[2]  35 P.S. §§ 780-113(a)(16), (a)(30), and 18 Pa.C.S. § 6105(a)(1), respectively.

*Retired Senior Judge assigned to the Superior Court.

PCRA Court Opinion, 6/17/20, at 2 (footnotes omitted). Appellant filed a post-sentence motion on January 23, 2018, which the trial court denied on January 30, 2018. Appellant filed a timely appeal to this Court on February 2, 2018; we affirmed the judgment of sentence on November 14, 2018.[3] ***Commonwealth v. Fowlkes***, 201 A.3d 847, 439 EDA 2018 (Pa. Super. filed November 14, 2018) (unpublished memorandum). Appellant did not file a petition for allowance of appeal to our Supreme Court.

On January 31, 2020, Appellant filed the instant, counseled PCRA petition, his first. Therein, Appellant averred that trial counsel was ineffective for (1) failing to file a motion to suppress; (2) failing to prepare adequately a defense witness for her testimony in Appellant's case-in-chief; (3) stipulating to Exhibit C-29, regarding the seized controlled substances; and (4) stipulating to Exhibit C-30, regarding the seized firearm. PCRA Petition, 1/31/20, at ¶ 7(1)–(5). The Commonwealth filed an answer. The PCRA court found the issues to be meritless and issued notice of its intent to dismiss Appellant's petition without a hearing pursuant to Pa.R.Crim.P. 907. On April 14, 2020, the PCRA court dismissed Appellant's petition. Appellant filed a notice of appeal to this Court on May 11, 2020. Both Appellant the PCRA court complied with Pa.R.A.P. 1925.

Appellant presents the following issues for our review:

---

[3] Appellant and the PCRA court erroneously state that this Court affirmed Appellant's judgment of sentence on January 2, 2019. **See** PCRA Petition, 1/31/20, at ¶ 5; Notice of Intent to Dismiss, 3/2/20, at 1.

Was the [PCRA] court in error for dismissing [Appellant's] petition for post[-]conviction relief without a hearing as to the following alleged issues of ineffectiveness[?]

I.      Was trial counsel ineffective for failing to file a pretrial motion challenging the probable cause as to obtaining a search warrant as well as execution of same?

II.     Was trial counsel ineffective as to the preparation of and examination of Ellen Gentzler called as a witness during … [Appellant's] case in chief?

III.    Was trial counsel ineffective for entering into a stipulation with the Commonwealth of Pennsylvania, specifically, Exhibit C-29, which concerned evidence of controlled substances as well as chain of custody of same?

IV.     Was trial counsel ineffective for entering into a stipulation with the Commonwealth of Pennsylvania, specifically, Exhibit C-30, which concerned the firearm seized during the execution of the search warrant and the examination of same by expert Commonwealth witness Detective Lewis Grandizio?

Appellant's Brief at 5 (full capitalization omitted).

Before we proceed to the merits of Appellant's appeal, we must determine whether it is properly before us. Pursuant to 42 Pa.C.S. § 9545(b)(1), any PCRA petition must be filed within one year of the date the judgment becomes final unless Appellant alleges and proves that the petition falls within three enumerated exceptions, specifically:

**(b) Time for filing petition.—**

(1) Any petition under this subchapter, including a second or subsequent petition, shall be filed within one year of the date the judgment becomes final, unless the petition alleges and the petitioner proves that:

(i) the failure to raise the claim previously was the result of interference by government officials with the presentation of the claim in violation of the Constitution or laws of this Commonwealth or the Constitution or laws of the United States;

(ii) the facts upon which the claim is predicated were unknown to the petitioner and could not have been ascertained by the exercise of due diligence; or

(iii) the right asserted is a constitutional right that was recognized by the Supreme Court of the United States or the Supreme Court of Pennsylvania after the time period provided in this section and has been held by that court to apply retroactively.

42 Pa.C.S. § 9545(b)(1)(i)–(iii). The PCRA time-restrictions are jurisdictional in nature; thus, "Pennsylvania courts may not entertain untimely PCRA petitions." *Commonwealth v. Watts*, 23 A.3d 980, 983 (Pa. 2011). Indeed, the jurisdictional nature of the PCRA time-limits are such that they implicate a court's power to adjudicate a controversy. *Commonwealth v. Fahy*, 737 A.2d 214, 222 (Pa. 1999).

For purposes of the PCRA, a judgment of sentence "becomes final at the conclusion of direct review, including discretionary review in the Supreme Court of the United States and the Supreme Court of Pennsylvania, or at the expiration of time for seeking the review." 42 Pa.C.S. § 9545(b)(3). Here, the time for seeking review in the Supreme Court of Pennsylvania expired on Friday, December 14, 2018, thirty days after this Court affirmed the judgment of sentence November 14, 2018. Pa.R.A.P. 1113(a). Thus, in order to be timely under the PCRA, Appellant was

required to file his PCRA petition on or before Monday, December 16, 2019.[4]

Because Appellant did not file the instant PCRA petition until January 31,

2020, the petition is patently untimely.

In his brief filed with this Court, Appellant does not discuss or address

the untimeliness of his PCRA petition.[5]  He has failed to allege that any of

the enumerated exceptions to the one-year jurisdictional requirement apply

in the instant case.  It is well established that to invoke one of the

exceptions to the one-year requirement, the petition must raise and

affirmatively plead and prove the exception.  **Commonwealth v. Taylor**,

933 A.2d 1035, 1039 (Pa. Super. 2007).  Appellant has failed to do so.

Indeed,

> [b]ecause the instant PCRA petition was untimely and no
> exceptions apply, the PCRA court lacked jurisdiction to address
> the claims presented and grant relief.  **See Commonwealth v.
> Fairiror**, 809 A.2d 396, 398 (Pa. Super. 2002) (holding
> that PCRA court  lacks  jurisdiction  to  hear untimely petition).
> Likewise, we lack jurisdiction to reach the merits of the appeal.
> **Commonwealth v. Johnson**, 803 A.2d 1291, 1294 (Pa. Super.

---

[4]  Because the thirtieth day fell on Saturday, December 14, 2019, the appeal-period expired on the following Monday.  1 Pa.C.S. § 1908 (whenever the last day of any time period referred to in a statute falls on a Saturday, Sunday, or legal holiday, we omit that day from the computation).

[5] Although it appears that both parties and the PCRA court assumed the petition was timely filed, that assumption does not confer jurisdiction on the PCRA court.  "In the PCRA context, statutory jurisdiction cannot be conferred by silence, agreement or neglect."  **Commonwealth v. Ballance**, 203 A.3d 1027, 1033 (Pa. Super. 2019) (citation omitted) (stating PCRA court's jurisdiction is a threshold requirement and dismissing untimely-filed PCRA petition, where petitioner failed to plead and prove statutory timeliness exception), *appeal denied*, 216 A.3d 1044 (Pa. 2019).

2002) (holding that Superior Court lacks jurisdiction to reach merits of appeal from an untimely PCRA petition).

***Commonwealth v. Lawson***, 90 A.3d 1, 8 (Pa. Super. 2014). Appellant has failed to prove any exception applies to his untimely PCRA petition; therefore, we are unable to exercise jurisdiction and reach the merits of Appellant's appeal.

Order affirmed.

Judge Strassburger did not participate in the consideration or decision of this case.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 4/8/21